UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **TARA MAGGIO,**<br><br>                              Plaintiff,<br>  -vs-<br><br>**PORTFOLIO RECOVERY ASSOCIATES, LLC,**<br><br>                              Defendant. | *Civil Action No.* _____ |

### COMPLAINT & DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff Maggio brings this action for actual and statutory damages resulting from the Defendant's various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), a law that prohibits debt collectors from using abusive, deceptive, and unfair practices in an attempt to collect a debt.

### JURISDICTION & VENUE

2. This honorable Court possesses jurisdiction over this matter pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Additionally, venue in this district arises pursuant to 28 U.S.C. §1391(b) since the Defendant transacts business here and the conduct complained of occurred here.

### PARTIES

4. Plaintiff Tara Maggio is a natural person residing in the County of Monroe, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Portfolio Recovery Associates, LLC, (hereinafter "Portfolio Recovery") is a foreign limited liability company organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Any and all acts of the Defendant hereinafter alleged were performed by Defendant's employees, while under the scope of the Defendant's actual or apparent authority.

7. Any and all references to "Defendant" herein shall include the Defendant and/or an employee of the Defendant.

## BACKGROUND INFORMATION

8. That at the age of fourteen (14), Plaintiff Maggio's son, Michele´ Vega (pronounced "Michael"), received a pre-approved credit card application from Capital One.

9. Unaware that he was legally too young to be offered/issued a credit card, Plaintiff's son filled out the pre-approved credit card application, unbeknownst to Plaintiff, and returned it to Capital One for processing.

10. That only after returning the pre-approved credit card application did Michele´ Vega ask Plaintiff for permission to obtain said credit card.  At that time, Plaintiff told her son that he could not have a credit card as he was too young.

11. That Capital One subsequently sent Plaintiff's son a physical credit card following receipt of the pre-approved credit card application.

12. Immediately after receiving the physical credit card from Capital One, Plaintiff's son disposed of the credit card in the trash, without ever having used it personally and without ever destroying it first.

13. That neither Plaintiff Maggio, nor Plaintiff's son, ever used the credit card that was received from Capital One.

14. That it was not until Defendant began calling Plaintiff Maggio's home repeatedly, that she became aware of the fact that her son had returned the pre-approved credit card application and had been issued a physical credit card.

15. Plaintiff Maggio now disputes liability for any alleged debt that arose on the Capital One credit card that was issued under her son's name, as:
    a. Plaintiff's son was a minor when proffered the card and therefore the contractual agreement entered into was invalid;
    b. Neither Plaintiff, nor her son, ever used the Capital One credit card or otherwise incurred a balance; and
    c. Since the credit card was disposed of in a reckless manner, any purchases that were allegedly made could only be the result of the unauthorized use the card issued in Michele´ Vega's name.

## FACTUAL ALLEGATIONS

16. That Plaintiff's minor son, Michele´ Vega, allegedly incurred and later allegedly defaulted on a debt to Capital One.  Said alleged debt is disputed and will hereinafter be referred to as "the subject debt."

17. The subject debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5), as it allegedly arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.
18. That upon information and belief, Defendant Portfolio Recovery purchased the alleged subject debt account from Capital One and subsequently began collection efforts.
19. That soon thereafter, Defendant Portfolio Recovery began calling Plaintiff Maggio's home repeatedly to collect the subject debt from Michele´ Vega.
20. That Defendant Portfolio Recovery began regularly placing upwards of six (6) telephone calls per day to Plaintiff Maggio's home in an attempt to collect the subject debt.
21. That Defendant would often times cause Plaintiff's telephone to ring just moments following an earlier telephone call from the Defendant, especially where the first call was left unanswered. Furthermore, Defendant would regularly refrain from leaving messages, choosing instead to simply cause Plaintiff's telephone to ring and thereafter hang up.
22. That on many occasions when Plaintiff Maggio answered the telephone, Defendant Portfolio Recovery would demand to speak with Michele´ (pronouncing the name, however, as "Michelle"). On all such occasions, Plaintiff Maggio informed Defendant that they must be attempting to reach her minor son (again, pronounced as "Michael"). However, Defendant habitually refused to believe Plaintiff's representations and instead repeatedly accused her of being "Michelle" and merely lying about her identity in order to avoid paying her bills.
23. That despite Plaintiff's subsequent, repeated attempts to explain to Defendant Portfolio Recovery the scenario described in Paragraphs 8 through 15 above, Defendant continued to call on a repeated basis and continued to question Plaintiff's identity and/or accuse her of lying.
24. That as a result of Defendant's abusive and harassing conduct, Plaintiff Maggio became very worried, offended, upset, frustrated and otherwise suffered from emotional distress.

## CAUSE OF ACTION

25. The aforementioned acts and omissions of the Defendant have violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:
26. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by using language the natural consequence of which was to abuse the hearer, by repeatedly accusing Plaintiff Maggio of lying about her identity and the fact that "Michele´" was her minor son.

27. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly and continuously causing Plaintiff's telephone to ring with the intent to annoy, abuse and harass.

28. Defendant violated 15 U.S.C. §1692f and 15 U.S.C. §1692f(1) by calling Plaintiff Maggio's home to attempt to collect a debt that is not authorized by law or agreement.

29. Because of the Defendant's various aforementioned violations of the FDCPA, Plaintiff became frustrated, upset, offended, worried and otherwise suffered from emotional distress.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this honorable Court enter judgment against the Defendant for:

(a) Actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

(b) Statutory damages of $1,000.00, pursuant to 15 U.S.C. §1692k(a)(2)(A);

(c) Costs and disbursements of this action, together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); *and*

(d) For any and all additional relief as this honorable Court may deem just and proper.

## JURY DEMAND

Please take notice that Plaintiff demands a trial by jury in this action.

Date: August 4, 2010

/s/Frank J. Borgese
Frank J. Borgese, Esq.
Graham Law, P.C.
*Attorneys for the Plaintiff*
1207 Delaware Ave., Suite 202
Buffalo, New York 14209
fborgese@grahamlawpc.com
716.200.1520